IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON CORBIN MAZIE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-4543 |
| UNITED STATES, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**SÁNCHEZ, J.,**　　　　　　　　　　　　　　　　　　　　　　　　　　　**AUGUST 25, 2025**

    Aaron Corbin Mazie filed this *pro se* civil rights case naming as Defendants the United States, FEMA, NOAA, and the United States Attorney General.[1] Mazie also filed a motion for leave to proceed *in forma pauperis* (ECF No. 1), as well as an "Emergency Motion to Compel Enforcement of Judgment" (ECF No. 3). He later filed a "Supplemental Emergency Motion to Compel Immediate Enforcement of Default Judgment" (ECF No. 7), "Motion to Expedite Decision on *In Forma Pauperis* Application" (ECF No. 8), and "Motion for Issuance of Writ of Execution (Fieri Facias)" (ECF No. 9). The Court will grant leave to proceed *in forma pauperis*. However, because the Court cannot review Court of Appeals decisions and because Mazie fails to allege any constitutional claim against a plausible defendant, the Court will dismiss his Complaint for lack of subject matter jurisdiction and for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and deny the rest of his motions.

---

[1]     The Court understands Mazie's use of "FEMA" and "NOAA" to be abbreviated references to the Federal Emergency Management Agency and the National Oceanic and Atmospheric Administration, respectively.

I.      **FACTUAL ALLEGATIONS**[2]

Mazie submitted a standard civil complaint form provided for *pro se* litigants in this Court, and an "Emergency Motion to Compel," which he relies on to provide additional facts to support his claims. He asserts that the events giving rise to his claims occurred on July 16, 2025, when the United States Court of Appeals for the Third Circuit granted his motion for leave to proceed *in forma pauperis* in that Court.[3] (Compl. at 3; ECF No. 2.) He contends that a "FRCP 55 Default Judgment was granted with IFP motion to include laches and estoppel against US."[4] (Compl. at 3.) Mazie says that he filed many emergency motions, "yet no disbursement of the $100.1 billion in damages or relief has been provided, despite the court's prior acknowledgment and decisions to support this request." (ECF No. 3 at 1.) In his motion to compel filed in this

---

[2]     The factual allegations are taken from Mazie's form Complaint ("Compl."), (ECF No. 2), and the "Emergency Motion to Compel" (ECF No. 3), which Mazie filed with his Complaint. The Court adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed. The Court has consulted public dockets in conducting this screening under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

[3]     Mazie is apparently referring to an order entered in the case at C.A. No. 25-2161 (ECF No. 21). Public dockets reflect that Mazie filed three mandamus proceedings in the Court of Appeals for the Third Circuit. *See In re Aaron Mazie*, C.A. No. 25-1785 (3d Cir.), *In re Aaron Mazie*, C.A. No. 25-2161 (3d Cir.), and *In re Aaron Mazie*, C.A. No. 25-2218 (3d Cir.). Among other things, Mazie asked the Court to direct the United States District Court for the District of New Jersey to review his pending state-court motion for reconsideration, to grant relief from a restraining order issued by the New Jersey Superior Court, Chancery Division of Morris County, to order the Superior Court to vacate a bench warrant, and to declare a May 2024 state court hearing void. He submitted an extraordinary number of additional motions and filings in each of those matters. The Court of Appeals rejected all of Mazie's requests for relief and those matters are closed.

[4]     Mazie references a default judgment against the United States and certain of its agencies. Federal Rule of Civil Procedure 55(d) provides that "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."

Court, he claims he is at risk of homelessness, without means to access basic necessities, and suffering unidentified threats to his physical safety. (*Id*.)

Mazie contends that he filed his mandamus petition at C.A. No. 25-2161 in the Court of Appeals for the Third Circuit to force the "Superior Family Court of Morristown, New Jersey," to act with respect to an alleged default judgment that he believes should have been entered. (*Id*. at 2; Compl. at 3.) He also lodged the mandamus petition because the New Jersey court allegedly failed to calendar a hearing as required under New Jersey Court Rules 4:43 and 1:6-3. (Compl. at 3.) Mazie further maintains that he was arrested without a warrant in Madison, New Jersey, that the charges were dropped, but a restraining order and unclaimed default remain. (*Id*.) Public dockets do not reflect that a default judgment was entered in Mazie's favor in the United States Court of Appeals for the Third Circuit. *See* Court Dockets for C.A. Nos. 25-1785, 25-2161, 25-2218.

Mazie alleges that federal jurisdiction over his Complaint is premised on Article VI, Clause 2 (commonly known as the Supremacy Clause) and the Tenth Amendment of the Constitution, as well as "charges filed in motions." (*Id*. at 2.) Mazie claims that he has suffered "head injuries," and "financial" and "domestic" injuries. (*Id*. at 4.) He seeks $100.1 billion in damages. (*Id*.)

## II. STANDARD OF REVIEW

The Court grants Mazie leave to proceed *in forma pauperis*. When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and*

3

*Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

The Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  This requires the Court to remain flexible, especially considering a litigant's *pro se* status.  *Id.*  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Id.*  An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Id.; see also Doe v. Allegheny Cnty.*

*Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contains a short and plain statement showing that the plaintiff is entitled to relief, and that "'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *See Garrett v. Wexford Health*, 938 F.3d 69, 91, 93 (3d Cir. 2019) (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

#### A. Claims Dismissed for Lack of Subject Matter Jurisdiction

Mazie's claims relating to his Court of Appeals matters are scattered and unclear, but the Court cannot consider them, in any event. As best the Court can tell, Mazie is asserting either that the Court of Appeals entered a default judgment when it granted his motions to proceed *in forma pauperis* in C.A. No. 25-2161 and failed to enforce it, or that the Court of Appeals should have granted him a default under Federal Rules of Civil Procedure 55. He also appears to be disappointed that the appeals court did not grant his requested relief relating to state court matters. Regardless, this Court does not have jurisdiction over such claims to provide relief here. District courts do not review rulings of the appellate court; rather, review of Court of Appeals decisions must be sought in the United States Supreme Court pursuant to 28 U.S.C. § 1254. *See id.* § 1254(1) (providing that the Supreme Court may review civil or criminal cases in the courts

of appeals via writ of certiorari). Further, to the extent that Mazie seeks an order requiring the Court of Appeals to take certain action, this Court lacks subject matter jurisdiction to compel the actions of judges and judicial employees. *See Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014) (holding that the statute conferring mandamus powers to a district court, 28 U.S.C. § 1361, does not confer subject matter jurisdiction to district courts to compel actions by judges and employees (citing *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1246 (10th Cir. 2007) (stating that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable"))); *United States v. Cox*, No. 11-99, 2017 WL 11428575, at *4 (D.N.J. Jan. 6, 2017) (holding, *inter alia*, that the district court lacked jurisdiction to grant writ of mandamus directed against Third Circuit Clerk), *aff'd*, 692 F. App'x 85 (3d Cir. 2017); *Natkunanathan v. Barnes*, No. 15-0895, 2015 WL 13908113, at *2 (C.D. Cal. Sept. 16, 2015) (finding district court lacked jurisdiction over mandamus action seeking to compel United States Supreme Court Clerks to file plaintiff's submissions with the Supreme Court), *aff'd sub nom. Natkunanathan v. United States Supreme Ct.*, 689 F. App'x 567 (9th Cir. 2017). Because the Court lacks subject matter jurisdiction over Mazie's claims related to the Court of Appeals for the Third Circuit, they are dismissed without prejudice.[5] *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of*

---

[5] Mazie has not named any state defendants nor raised any claims directly challenging state court rulings in his Complaint. As a general matter, review of an adverse state law ruling made in state court must be sought via state appellate procedures and not through a civil action filed in federal court. *See, e.g., Cedrins v. Shrestha*, No. 09-0262, 2009 WL 1312959, at *1 (D.N.M. Mar. 31, 2009) ("The United States District Court, of course, does not sit in review of judgments of sister state courts." (citation omitted)); *see also In re Trammell*, 725 F. App'x 193, 194 (3d Cir. 2018) (*per curiam*) (collecting cases for the proposition that federal courts generally do not have jurisdiction "to issue a writ of mandamus to a state court" or to "interfere with state court litigation" (quoting *Demos v. U.S. Dist. Court For E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991), and *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001), and citing, *inter alia*, *In re Pressman-Gutman Co.*, 459 F.3d 383, 399 (3d Cir. 2006))); *Davis v. Noble*, 682 F. App'x 142, 143-44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of amended complaint seeking

*Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))).

### B. Constitutional Claims

The basis for asserting a constitutional claim against a federal official is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures). *See also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability). However, the availability of *Bivens* as a cause of action is limited, and the United States Supreme Court "has plainly counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017); *see also Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." (internal quotations marks and citations omitted)).

Even assuming a *Bivens* action could lie, Mazie's claims are fundamentally flawed because he has sued immune or otherwise unsuitable defendants.[6] *Bivens* claims against the

---

enforcement of orders issued by Delaware Court of Chancery and damages as a result of the Delaware Court's failure).

[6]   Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200. The Supreme Court has

United States and the United States Attorney General are barred by sovereign immunity, absent an explicit waiver, which is not present here. *See Malesko,* 534 U.S. at 72 (2001); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 n. 11 (1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir.1979); *Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that

---

recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself – a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, *id*. 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, *Carlson v. Green*, 446 U.S. 14 (1980). Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200.

The fact that Mazie's claims premised on the Supremacy Clause and the Tenth Amendment are so clearly untenable obviates the need to engage in a "rigorous inquiry" of whether a *Bivens* cause of action could be implied here. Neither is a predicate for a plausible claim. The Supremacy Clause does not create a cause of action. *See Armstrong v. Exceptional Child Ctr., Inc*., 575 U.S. 320, 324-25 (2015) (holding that "the Supremacy Clause ... does not create a cause of action," and "is not the source of any federal rights," but instead "instructs courts what to do when state and federal law clash." (quotation marks and citations omitted)). Likewise, many courts have concluded that individuals do not have a right of action under the Tenth Amendment. *See Rivera v. Fed. Bureau of Investigation*, No. 16-00997, 2016 WL 6081435, at *3 n.4 (N.D.N.Y. Sept. 13, 2016) (concluding that the Tenth Amendment contains no private right of action), *report and recommendation adopted*, 2016 WL 6072392 (N.D.N.Y. Oct. 17, 2016); *Holland v. Azevedo*, No. 14-01349, 2016 WL 1754446, at *6 (N.D. Cal. May 3, 2016) ("The Tenth Amendment 'creates no constitutional rights cognizable in civil rights cause of action.'") (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 749 (9th Cir. 1986)); *see also McDonald v. City of Chicago*, 561 U.S. 742, 851 n.20 (2010) (Thomas, J., concurring in the judgment) (explaining that the Tenth Amendment is an "obvious example[]" of a constitutional provision that is "not readily construed as protecting rights that belong to individuals"). The U.S. Supreme Court has approved a very narrow class of cases in which an individual may "challenge a law as enacted in contravention of constitutional principles of federalism" under the Tenth Amendment. *Bond v. United States*, 564 U.S. 211, 223-24 (2011). "[A]ny claim under the Tenth Amendment must flow from an injury that results from disregard of the federal structure of our Government." *Robinson v. Pilgram*, No. 20-CV-2965, 2021 WL 5987016, at *8 (D.D.C. Dec. 17, 2021) (cleaned up) (citing *United States v. Johnson*, 114 F.3d 476, 480 (4th Cir. 1997) (noting that the Tenth Amendment requires a showing that a federal statute or regulation is beyond Congress' power or that the "means of regulation employed ... impermissibly infringes upon state sovereignty")). Nothing in Mazie's complaint suggests that he has been injured by a law that was enacted in contravention to the principles of federalism. The Complaint thus lacks any plausible constitutional claim.

Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver.") Further, claims against NOAA and FEMA are barred because federal agencies are not subject to suit under *Bivens*. *See Meyer*, 510 U.S. at 486-87 (refusing to extend *Bivens* claim to federal agency defendant); *see also Keys v. U.S. Dep't of Just.,* 285 F. App'x 841, 842 (3d Cir. 2008) (affirming dismissal of claims against DOJ under *Meyer*); *Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (federal governmental entities are not "persons" subject to suit in a federal civil rights matter).

Because Mazie fails to allege any constitutional claim against a plausible defendant, those claims accordingly will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[7]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mazie leave to proceed *in forma pauperis* and dismiss his constitutional claims with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). His Complaint will otherwise be dismissed without prejudice for lack of subject matter jurisdiction. The Court concludes that leave to amend would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). The "Emergency Motion to Compel Enforcement of Judgment" (ECF No. 3), "Supplemental Emergency Motion to Compel Immediate Enforcement of Default Judgment" (ECF No. 7), "Motion to Expedite Decision on *In Forma Pauperis*

---

[7] Nor can the Court discern any other legal basis for a plausible claim within the Court's jurisdiction based on what is alleged in Mazie's Complaint.

9

Application" (ECF No. 8), and "Motion for Issuance of Writ of Execution (Fieri Facias)" (ECF No. 9) will all be denied.

An appropriate order will be entered separately.  *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

/s/ Juan R. Sánchez
_____
**JUAN R. SÁNCHEZ, J.**